**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**TIMOTHY GREENLAW,**

**Plaintiff,**

**v.**

**JEAN HILL, and BETTY HANSEN, R.D.,**

**Defendants.**

**Civil No. 06-422-BR**

**OPINION AND ORDER**

**TIMOTHY GREENLAW**
SID #13425542
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, OR 97914

Plaintiff *Pro Se*

**HARDY MYERS**
Attorney General
**LEONARD WILLIAMSON**
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR 97301

Attorneys for Defendants

**BROWN, Judge.**

Plaintiff, an inmate at Snake River Correctional Institution, filed a 42 U.S.C. § 1983 civil rights action in state court, which Defendants removed to this Court pursuant to 42 U.S.C. § 1441(B). Currently before the Court are Plaintiff's Motion for Entry of Default (#8) and Motion for Default by Judgment (#12). For the reasons that follow, the Court **GRANTS** Plaintiff's Motion for Entry of Default, **SETS ASIDE** the default, and **DENIES** Plaintiff's request for entry of default judgment.

**BACKGROUND**

On November 21, 2005, Plaintiff filed his Complaint in the Circuit Court of the State of Oregon for Malheur County, alleging religious discrimination. On February 24, 2006 and February 28, 2006, respectively, Defendants Jean Hill and Betty Hanson were served with the Summons and Complaint.

On March 28, 2006, Defendants filed their Notice of Removal of Action in this Court. In the Notice, Defendants acknowledge they had not yet filed a responsive pleading in state court.

On April 27, 2006, Defendants filed a Motion to Consolidate this action with another pending civil rights action Plaintiff filed in this Court, *Greenlaw v. Hill, et al.*, CV 05-1448-BR. On May 18, 2006, the Court denied Defendants' Motion to Consolidate.

On June 20, 2006, Plaintiff filed a Motion for Entry of Judgment. On June 22, 2006, Defendants filed an Answer and Affirmative Defenses, and on June 30, 2006, Defendants filed a response to Plaintiff's Motion for Entry of Default. On July 14, 2006, Plaintiff filed a Motion for Default by Judgment, seeking entry of a default judgment.

Plaintiff seeks entry of default and a default judgment based upon Defendants' failure to timely file an Answer. Defendants concede their Answer was not timely filed, and claim they mistakenly believed the Court would set a deadline following a ruling on the Motion to Consolidate. Defendants urge the Court to set aside their default because they filed their Answer in a reasonable amount of time, because Plaintiff was not prejudiced by the delayed Answer, and because default would be "inappropriate."

## DISCUSSION

### I. Entry of Order of Default

Pursuant to Fed. R. Civ. P. 55(a), when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default. As noted, Defendants concede they did not timely plead or defend as required by law. As such, Plaintiff is entitled to entry of default

against Defendants, and the Court **GRANTS** his Motion for Entry of Default (#8).

**II. Setting Aside the Order of Default**

Pursuant to Fed. R. Civ. P. 55(c), a court may set aside an order of default on a showing of good cause. The "good cause" standard governing the vacation of an entry of default is the same as the "excusable neglect" standard governing the vacation of a default judgment set forth in Fed. R. Civ. P. 60(b). *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).

Under Fed. R. Civ. P. 60(b), a court may set aside a default judgment because of mistake, inadvertence, surprise, or excusable neglect. A court has discretion to deny a motion to set aside a default judgment if (1) the defendant's culpable conduct led to the default, (2) the defendant does not have a meritorious defense, or (3) setting aside the default would prejudice the plaintiff. *Franchise Holdings II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005). The party moving to set aside a default bears the burden of demonstrating these factors. *TCI Group Life*, 244 F.3d at 696. Nonetheless, the court is to apply these factors more liberally when considering whether to set aside an entry of default rather than a default judgment. *Hawaii Carpenters' Trust*

*Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986); *McManus v. American States Ins. Co.*, 201 F.R.D. 493, 500 (C.D. Cal. 2000).

**A. Culpable Conduct**

A defendant's failure to appear must be "intentional" in order to be culpable:

> The ususal articulation of the governing standard, oft repeated in our cases, is that 'a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer.'

*TCI Group Life*, 244 F.3d at 697 (emphasis in original) (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988), *cert. denied*, 493 U.S. 858 (1989)). Use of the term "intentional" in this context is something akin to "willful, deliberate, or ... [in] bad faith." *Id.* Further, a knowing failure to answer for understandable reasons that are not designed to obtain a strategic advantage is not culpable. *Id.*

As noted, Defendants concede they did not timely file an Answer or other responsive pleading. Counsel for Defendants states the Answer was not filed earlier because she[1] "mistakenly believed the Court would set a deadline following the ruling on the Motion to Consolidate," and upon realizing the mistake filed

---

[1]At the time Defendants' Response to the motion for default was filed, attorney Kathryn Cottrell was counsel of record for Defendants. Attorney Leonard Williamson was later substituted as counsel for Defendants.

a response promptly. In fact, however, the Motion to Consolidate was filed long after the time to file an Answer or other responsive pleading had expired. *See* Fed. R. Civ. P. 81(c) (in a removed action in which the defense has not answered, the defendant shall answer or present other defenses within 20 days after receipt of a copy of the initial pleading or within 5 days after the filing of the petition for removal, whichever period is longest).

Nonetheless, the Court finds Defendants' conduct is not sufficiently culpable to warrant enforcement of default. While the excuse for failing to comply with court rules is weak at best, there is no indication it was undertaken with the intent to obtain a strategic advantage.

**B. Meritorious Defense**

"A defendant seeking to vacate a default judgment must present specific facts that could constitute a defense." *TCI Group Life*, 244 F.3d at 700 (citing *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969)). The burden, however, is not extraordinarily heavy. *TCI Group Life*, 244 F.3d at 700 (citing *In re Stone*, 588 F.2d 1316, 1319 n.2 (10th Cir. 1978). The only requirement is that "a sufficient defense is assertable" and litigation of the claims would not be "a wholly empty exercise." *TCI Group Life*, 244 F.3d at 700.

Here, Defendants do not allege facts contradicting the claims alleged in Plaintiff's Answer; instead, Defendants state they "lack sufficient information to form a belief as to the truth of the remaining allegations of plaintiff's Complaint and therefore deny them." Defendants do, however, assert affirmative defenses alleging, *inter alia*, that they acted in good faith and their conduct violated no clearly established statutory or constitutional rights of which a reasonable official would have knowledge, entitling them to qualified immunity. Qualified immunity would be a sufficient defense to Plaintiff's claims, and litigation of the issue of Defendants' intent and the reasonableness of their actions would not be a wholly empty exercise. Accordingly, Defendants present a "meritorious defense" sufficient to warrant setting aside their default.

**C. Prejudice to Plaintiff**

Finally, the relevant question in determining prejudice is "whether the plaintiff's ability to pursue his claim will be hindered" if the default is set aside. *Id.* at 701. In order to be prejudicial to a plaintiff, the granting of a motion to vacate a default judgment "must result in greater harm than simply delaying resolution of the case." *Id.*

The Court finds no indication Plaintiff would be prejudiced by vacating the entry of default and adjudicating this case on the

merits. Thus, this factor also weighs in favor of setting aside the default and denying Plaintiff's motion for entry of judgment.

**III. <u>Request for Entry of Default Judgment</u>**

As noted, in his Motion for Default by Judgment, Plaintiff seeks entry of a default judgment pursuant to Fed. R. Civ. P. 55(b). Having determined that the entry of an order of default against Defendants should be set aside, however, the Court denies Plaintiff's request for entry of judgment as moot.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion for Entry of Default (#8) pursuant to Fed. R. Civ. P. 55(a); but **SETS ASIDE** the default pursuant to Fed. R. Civ. P. 55(c). The Court further **DENIES** Plaintiff's Motion for Default by Judgment (#12).

**IT IS FURTHER ORDERED** that this action shall proceed in accordance with the Scheduling Order issued this date.

IT IS SO ORDERED.

DATED this 25th day of October, 2006.

/s/ Anna J. Brown
ANNA J. BROWN
United States District Judge